KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Tel.    775.322.1237
Fax    775.996.7290
kevin@darbylawpractice.com
tricia@darbylawpractice.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

LORI B. SALMANOWITZ,

        Debtor.

_____/

CASE NO.    BK-N-10-51765-gwz
Chapter 13

**MOTION TO VALUE COLLATERAL AND MODIFY AND RECLASSIFY SECOND MORTGAGE AS GENERAL UNSECURED CLAIM PURSUANT TO 11 U.S.C. §§ 506(a) AND 1322**

Hearing Date: July 23, 2010
Hearing Time: 2:00 p.m.

    Debtor, LORI B. SAMANOWITZ, by and through her attorney, DARBY LAW PRACTICE, LTD. hereby moves this Court for an order establishing the value of real property collateral securing the certain second mortgage lien held by WELLS FARGO BANK ("WELLS FARGO") located at 7605 Appenzell Street, Reno, Nevada 89506 and for an order modifying that mortgage lien claim by stripping off the lien and reclassifying and rendering the entire claim a general unsecured claim in this bankruptcy matter.

    This Motion is made pursuant to 11 U.S.C. §§ 506(a) and 1322, and Federal Rules of Bankruptcy Procedure (F.R.B.P.) 3012 and 9014, and is supported by the Declaration of Debtor and the following points and authorities.

## POINTS AND AUTHORITIES

### I.     FACTUAL BACKGROUND

1. On May 10, 2010, the above-named Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code (the "Petition Date").

2. On the Petition Date, Debtor owned real property located at 7605 Appenzell Street, Reno, Nevada 89506 (the "Appenzell Property") valued at $145,000.00. *See* Declaration of Debtor.

3. As of the Petition Date, the Appenzell Property was subject to first deed of trust securing a first mortgage held by Wells Fargo Home Mortgage (the "Wells Fargo First Mortgage") in the amount of $239,656.00.

4. As of the Petition Date, no equity existed in the Appenzell Property above the Wells Fargo First Mortgage.

5. Also, as of the Petition Date, the Appenzell Property was subject to a second priority deed of trust securing a second mortgage held by Wells Fargo Bank in the amount of $38,885.00 (the "Wells Fargo Second Mortgage"). However, due to the $145,000.00 value of the Appenzell Property and the superior priority of the $239,656.00 Wells Fargo First Mortgage, the Wells Fargo Second Mortgage is wholly unsecured. The Wells Fargo Second Mortgage would receive nothing upon a liquidation of the Appenzell Property for the fair market value.

### II.     LEGAL DISCUSSION

**THE WELLS FARGO SECOND MORTGAGE SHOULD BE AVOIDED AND RECLASSIFIED BECAUSE IT IS UNSECURED AND WOULD RECEIVE NOTHING IN A LIQUIDATION**

Pursuant to 11 U.S.C. § 506(a), an allowed claim is only a secured claim to extent of the value of creditor's interest in subject collateral, and is an unsecured claim to extent amount of claim exceeds

that value. In this regard, Federal Rule of Bankruptcy Procedure Rule 3012 provides that this Court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim.

The Ninth Circuit Court of Appeals has confirmed that a wholly unsecured lien may be avoided entirely and reclassified as a general unsecured claim pursuant to 11 U.S.C. 506 (a). Specifically, the Court of Appeals in Zimmer explained:

> Section 506(a) divides creditor's claims into "secured claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, 506(a) makes clear that the status of a claim depends on the valuation of the property… To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a team of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

In re Zimmer, 313 F .3d 1220, 1223 (9th Cir. Cal. 2002).

To effectuate the principles of 11 U.S.C. §506(a), 11 U.S.C. §1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." The Supreme Court has held that this provision prohibits the strip *down* of a *partially* secured lien which secures a claim whose only security is a lien on the debtor's principal residence. See Nobelman v. American Sav. Bank, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993). However, as detailed above, the Ninth Circuit held in Zimmer that § 1322(b)(2) does not prevent strip *off* of a *wholly* unsecured lien. Zimmer, 313 F.3d at 1223.

In the present case, the Debtor believes the Appenzell Property is worth $145,000.00. It is

well settled that an owner's opinion is admissible in determining the value of real estate or personal property. *See, e.g.,* Kestenbaum v. Falstaff Brewing Corp., 514 F2d 690 (5th Cir. 1975); Justice v. Pennzoil Co., 598 F2d 1339 (4th Cir. 1979).

As established through Debtor's opinion of value, the Wells Fargo Second Mortgage is wholly unsecured and, therefore, does not qualify as a secured debt under 11 U.S.C. § 506(a). Specifically, the $239,656.00 Wells Fargo First Mortgage exceeds the $145,000.00 value of the Appenzell Property, leaving no value or equity available to secure the Wells Fargo Second Mortgage. As a result, the Wells Fargo Second Mortgage should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors, as proposed in Debtor's Chapter 13 Plan filed herein. In addition, the Wells Fargo Second Mortgage should be removed and stripped from the Appenzell Property negating and nullifying any right or interest as a secured creditor under state law.

### III. CONCLUSION

Based on the above points and authorities, the Debtor respectfully requests the following relief:

1. That this Court exercise its authority under Fed. R. Bankr. P. 3012 to determine and establish that the value of the Appenzell Property $145,000.00;

2. That this Court find pursuant to 11 U.S.C. §506(a) that the Wells Fargo Second Mortgage is not a secured claim in this Case;

3. That this Court find the Wells Fargo Second Mortgage may be modified and reclassified as a general unsecured claim and that any purported security interest or rights of the Wells Fargo Second Mortgage in the Appenzell Property be avoided, nullified and negated, as proposed in Debtors' Chapter 13 Plan and as authorized by 11 U.S.C. §§ 506(a) and 1322(b); and

///
///
///
///

4. That this Court provided for any such other relief deemed appropriate.

DATED this 23rd day of June, 2010.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DARBY LAW PRACTICE, LTD.

*/s/ Kevin A. Darby*
By:_____
   KEVIN A. DARBY, ESQ. (#7670)
   TRICIA M. DARBY, ESQ. (#7956)
   4777 Caughlin Parkway
   Reno, Nevada  89519